COURT OF APPEALS OF VIRGINIA

Present:   Judges Clements, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


SANDRA H. O'HARA

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2655-05-4              JUDGE JAMES W. HALEY, JR.
                                                         JULY 5, 2006
TIM PRICE O'HARA


               FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                          Jeffrey W. Parker, Judge

          Ann M. Callaway (Ann M. Callaway, P.C., on brief), for appellant.

          T. Huntley Thorpe, III (Robin C. Gulick; Gulick, Carson & Thorpe,
          P.C., on brief), for appellee.


          The sole issue in this appeal is whether the trial court erred in finding, by a

preponderance of the evidence, that wife "habitual[ly] cohabitat[ed] with another person in a

relationship analogous to marriage for one year or more," thus ending husband's spousal support

obligation as provided by the parties' Property Settlement Agreement (PSA).

                                        I.

                            PROCEDURAL HISTORY

          This appeal follows this Court's decision in O'Hara v. O'Hara, 45 Va. App. 788, 613

S.E.2d 859 (2005). In that case, a panel of this Court held, *inter alia*, that "the trial court applied

the incorrect burden of proof in determining whether wife habitually cohabitated with another

person in a relationship analogous to marriage for one year or more." Id. at 790, 613 S.E.2d at

860. We held that the clear and convincing burden of proof specified by Code § 20-109(A) did

          * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

not apply; rather, "husband's burden was to prove by a *preponderance of the evidence* that wife habitually cohabitated with another person," as specified in the parties' "negotiated agreement." Id. at 796, 613 S.E.2d at 863 (emphasis added).

In remanding the case to the trial court, we stated:

> we do not address husband's second issue -- whether under either the preponderance of the evidence or the clear and convincing evidence burden of proof, the evidence showed wife cohabitated with [another person] in a relationship analogous to marriage for more than one year. We are not prepared to say on this record that, as a matter of law, wife habitually cohabitated with [another person] in a relationship analogous to marriage for more than one year. That is a factual determination that the trial court must consider upon conflicting evidence upon remand.

Id. at 797, 613 S.E.2d at 864. Thus, the matter was remanded to the trial court, which heard argument on the issue. The trial court held the evidence established, by the proper preponderance standard, that wife habitually cohabitated with another person in a relationship analogous to marriage for more than one year, thereby terminating husband's spousal support obligation. This appeal followed.

II.

FACTS

As the facts surrounding this appeal were recited in detail in O'Hara, 45 Va. App. 788, 613 S.E.2d 859, only a brief discussion of the relevant facts is necessary.

The parties married in 1981, separated in 1998, and divorced by final decree entered March 9, 2000. That final decree incorporated the parties' PSA, which was executed on February 8, 2000. Paragraph 5A of that agreement reads as follows:

> Beginning March 1, 2000, Husband agrees to pay Wife the sum of . . . ($1,750.00) per month modifiable deductible spousal support . . . until . . . Wife's habitual cohabitating with another person in a relationship analogous to marriage for one year or more . . . .

Husband filed a petition to terminate spousal support based on this provision of the PSA on February 28, 2003. The petition alleged that wife had been habitually cohabitating with Donald Sowers, Jr. in a relationship analogous to marriage for more than one year.

The trial court held an evidentiary hearing on the issue on November 5, 2003 and ruled that husband had not carried his burden of proof by clear and convincing evidence. At that hearing, Sowers testified that "he had known wife for about three and one-half years," had used "wife's address on numerous court documents," and had "resided with wife on and off since October 2000" during which he slept "and had sexual intercourse" with wife. Sowers' probation officer testified that he never updated his address from that of wife's during the two years she supervised him.

Wife testified that Sowers started "staying at her residence in October 2000 during which time they were sexually intimate," that he "lived with her 'off and on' and only 'continuously' resided with her 'basically from February 2001 until November 2001.'" Id. at 792-93, 613 S.E.2d at 861-62. She also admitted that she had twice referred to Sowers as her "cohabitator" to law enforcement officials and that they "stopped living together last summer when [she] pressed [] charges against him." And Sheriff's Deputy Cox, who had responded to a domestic call at wife's address, testified that wife referred to Sowers as her "live-in boyfriend."

Additionally,

> Several neighbors of wife testified that over the past three or four years, they have seen Sowers working on wife's lawn, shopping with her at the grocery store, sitting on wife's porch, eating dinner with wife at local restaurants, and riding in wife's vehicle. Husband testified that he had been to wife's residence twice since their separation and Sowers was present both times.

Id. at 793, 613 S.E.2d at 862. Finally, the record contained several court documents where Sowers listed wife's address as his own, an affidavit where wife refers to Sowers as her

"boyfriend of three years," and her employer's personnel records that list her emergency contact as "Donald F. Sowers, significant other."

Following the remand from this Court, the trial court heard argument on the above-summarized evidence. The trial court held

> what we have is the fact that they clearly did have a relationship with each other that was more than just a friendship. . . . They had a sexual relationship, which clearly is a significant factor but not a deciding factor. And they did things beyond that. And additionally, she held herself out to have some type of a live-in relationship with Mr. Sowers. And as has been pointed out in these court matters, that was also a significant factor. . . . I had a problem with this case, with calling this a relationship analogous to marriage because I thought it was dysfunctional. But I'm not convinced that under a preponderance standard it is significantly dysfunctional not to qualify as a relationship analogous to marriage. Essentially, that's kind of the backwards way of saying that I think this was, under a preponderance of the evidence standard, a relationship analogous to marriage, and I will so find.

Accordingly, by decree dated September 30, 2005, husband's spousal support obligation was terminated.

III.

ANALYSIS

Initially, we note that when resulting from evidence heard *ore tenus*, a trial court's factual findings will be reversed only when plainly wrong or without supporting evidence. Wheeler v. Wheeler, 42 Va. App. 282, 288, 591 S.E.2d 698, 701 (2004) (citation omitted). Also, we consider the evidence in the light most favorable to husband, as the prevailing party below. Galloway v. Galloway, 47 Va. App. 83, 86, 622 S.E.2d 267, 268 (2005) (citation omitted).

We discussed and defined the word "cohabit," in the context of a property settlement agreement, in Pellegrin v. Pellegrin, 31 Va. App. 753, 525 S.E.2d 611 (2000). We identified the following four factors as relevant in determining cohabitation: (1) common residence; (2) intimate or romantic involvement; (3) the provision of financial support; and (4) duration and

- 4 -

continuity of the relationship and other indicia of permanency. Id. at 764-66, 525 S.E.2d at 616-17. We further "emphasize[d] that, although the enunciated factors provide discrete categories of evidence relevant to the issue, no one factor is determinative. . . . it is within the province of the trial court to determine what weight to accord each of the factors relevant to the matter presented." Id. at 766, 525 S.E.2d at 617.

Here, the trial court, in finding wife cohabitated in a relationship analogous to marriage for more than one year with Sowers, specifically referenced the first, second, and fourth factor set out in Pellegrin.[1] As to the first and fourth factor, the trial judge noted that wife herself "held out" to others, including the police, that she shared a common residence with Sowers, i.e., he was her "live-in boyfriend" and "cohabitator." Other evidence, notably court documents listing Sowers' address as that of wife, demonstrates that Sowers resided with wife and used her address as his own. Sowers' probation officer testified that he never updated his address in the two years she supervised him and the address listed was wife's address. Sowers admitted during his testimony that he resided with wife "on and off" since October 2000, while wife admitted the same and admitted that, at a minimum, Sowers lived there on a daily basis for ten months in 2001 and only moved out "last summer." Additionally, the testimony of several neighbors suggested that Sowers lived and spent time with wife at her home over a period of three to four years. Finally, the trial court also noted the presence of the second factor, an intimate, romantic relationship; both Sowers and wife admitted the same during their testimony at the evidentiary hearing.[2]

---

[1] The trial court specifically noted that the third factor, financial support, didn't "seem to be the deciding factor" in this matter.

[2] Also, on brief, wife argues that "[i]f the most the judge can find is . . . a relationship analogous to a 'dysfunctional marriage,' then [husband's] attempt to terminate support must be denied." In essence, wife argues that a "dysfunctional marriage" does not equate to "a relationship analogous to marriage" as a matter of law. Wife cites no legal authority for this

Consequently, we cannot say that the trial court's finding of cohabitation for a period of more than one year in a relationship analogous to marriage was plainly wrong or that the evidence did not support such a finding. Thus, the trial court's finding and the decree terminating husband's spousal support obligation is affirmed.

<u>Affirmed.</u>

---

proposition. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." <u>Roberts v. Roberts</u>, 41 Va. App. 513, 527, 586 S.E. 2d 290, 297 (2003) (citations omitted). Thus, we will not address this issue on appeal. Rule 5A:20.